<div style="writing-mode: vertical">United States District Court / For the Northern District of California</div>

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO ANTONIO BAUTISTA,<br><br>Petitioner,<br><br>v.<br><br>JOHN F. SALAZAR, Warden,<br>MATTHEW CATE, Secretary,<br>California Department of Corrections<br>and Rehabilitation,<br><br>Respondents.<br>_____ | No. C 08-4646 MMC (PR)<br><br>**ORDER TO SHOW CAUSE; DISMISSING IMPROPER RESPONDENT; DENYING AS MOOT APPLICATION TO PROCEED IN FORMA PAUPERIS; DENYING WITHOUT PREJUDICE MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**(Docket Nos. 2 & 3)** |

On October 7, 2008, petitioner, a California prisoner incarcerated at Chuckawalla Valley State Prison in Blythe, California, and proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] Petitioner has paid the filing fee.[2]

**BACKGROUND**

In 2006, in the Superior Court of Santa Clara County, petitioner was convicted of rape

---

[1] Petitioner names as respondents Chuckawalla Valley State Prison Warden John F. Salazar, and Matthew Cate, the Secretary of the California Department of Corrections and Rehabilitation. The proper respondent in a habeas action is "the state officer having custody of the applicant," if the applicant is in custody. See Rule 2, Rules Governing Section 2254 Cases, Rule 2. "The proper person to be served in the usual case is either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions." Id. Advisory Committee Notes. As Warden Salazar is the only proper respondent named herein, Matthew Cate will be dismissed as a respondent to this action.

[2] As petitioner has paid the filing fee, his pending application for leave to proceed in forma pauperis will be denied as moot.

and the commission of lewd or lascivious acts on a child under the age of fourteen.  He was sentenced to a term of eleven years and four months in state prison.  The conviction was affirmed on appeal, and the petition for review was denied.  Petitioner did not seek state habeas corpus relief.

## DISCUSSION

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).  A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.  Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false.  See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75-76 (1977)).

Petitioner claims that his conviction and sentence violate his federal constitutional rights because (1) the rape charge was supported by insufficient evidence of the victim's unconsciousness, (2) the trial court erroneously excluded evidence of the victim's prior sexual conduct, (3) the trial court erroneously admitted evidence that mischaracterized and ridiculed petitioner's religious beliefs, (4) the trial was rendered fundamentally unfair as the result of cumulative error, (5) the aggravating factors used to support imposition of a consecutive sentence were found by the trial judge instead of by a jury, and (6) the requirement that petitioner register as a sex offender cannot be upheld because of the unlawful rape conviction.  Liberally construed, petitioner's claims are cognizable.

Petitioner moves for the appointment of counsel to represent him in the instant action.  The Sixth Amendment's right to counsel does not apply in habeas actions.  Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir.), cert. denied, 479 U.S. 867 (1986).  Pursuant to statute, however, a district court is authorized to appoint counsel to represent a habeas

1 petitioner whenever "the court determines that the interests of justice so require and such
2 person is financially unable to obtain representation." See 18 U.S.C. § 3006A(a)(2)(B).
3 Here, petitioner's claims have been adequately presented in the petition and the attached state
4 court briefs, which were prepared by counsel on petitioner's behalf. Consequently, the
5 interests of justice do not require appointment of counsel in the instant case at this time.
6 Accordingly, the request for appointment of counsel will be denied. Should the
7 circumstances change materially at a later stage of the litigation, the Court will reconsider
8 this decision sua sponte.

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1. Matthew Cate is hereby DISMISSED as a respondent to this action.

2. Petitioner's application to proceed in forma pauperis is hereby DENIED as moot. (Docket No. 3.)

3. Petitioner's motion for appointment of counsel is hereby DENIED without prejudice. (Docket No. 2.)

4. The Clerk of the Court shall serve by certified mail a copy of this order and the petition, along with all attachments thereto, upon respondent <u>John F. Salazar</u> and respondent's counsel, the Attorney General for the State of California. The Clerk shall also serve a copy of this order on petitioner.

5. Respondent shall file with the Court and serve on petitioner, within **ninety (90)** days of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent's counsel within **thirty (30)** days of the date the

answer is filed.

6. In lieu of an answer, respondent may file, within **ninety (90)** days of the date this order is filed, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within **thirty (30)** days of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within **fifteen (15)** days of the date any opposition is filed.

7. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

8. It is petitioner's responsibility to prosecute this case.  Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

9. Upon a showing of good cause, requests for a reasonable extension of time will be granted as long as they are filed on or before the deadline they seek to extend.

This order terminates Docket Nos. 2 and 3.

IT IS SO ORDERED.

DATED: March 16, 2009

MAXINE M. CHESNEY
United States District Judge