IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO ANTONIO BAUTISTA,<br><br>    Petitioner,<br><br>  v.<br><br>JOHN F. SALAZAR, Warden,<br>MATTHEW CATE, Secretary,<br>California Department of Corrections<br>and Rehabilitation,<br><br>    Respondents.<br>_____ | No. C 08-4646 MMC (PR)<br><br>**ORDER DENYING PETITIONER'S RENEWED MOTION FOR APPOINTMENT OF COUNSEL AND LEAVE TO PROCEED IN FORMA PAUPERIS; GRANTING EXTENSION OF TIME TO FILE TRAVERSE**<br><br>**(Docket Nos. 12, 13, 14)** |

       On October 7, 2008, petitioner, a California prisoner incarcerated at Chuckawalla Valley State Prison in Blythe, California, and proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. By order filed March 16, 2009, the Court directed respondent to show cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims. Additionally, the Court denied petitioner's request for the appointment of counsel pursuant to 18 U.S.C. § 3006A(a)(2)(B), finding the interests of justice did not require appointment at this time. The Court also denied as moot petitioner's application for leave to proceed in forma pauperis, in that petitioner had paid the $5.00 filing fee at the time he filed the petition.

       On July 14, 2009, respondent filed an answer to the petition. Now pending before the Court are petitioner's renewed motion for the appointment of counsel and leave to proceed in forma pauperis, and petitioner's request for an extension of time to file a traverse to the

answer.

## DISCUSSION

In 2006, petitioner was convicted of sexual penetration and the commission of lewd or lascivious acts on a child under the age of fourteen. He was represented by counsel on appeal and through the filing of his petition for review in the California Supreme Court. He did not seek state habeas corpus relief.

As noted, the Court, in its March 16, 2009 Order to Show Cause, denied as moot petitioner's application to proceed in forma pauperis and also denied petitioner's request for the appointment of counsel. Specifically, with respect to the latter, the Court found as follows:

> Petitioner moves for the appointment of counsel to represent him in the instant action. The Sixth Amendment's right to counsel does not apply in habeas actions. Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir.), cert. denied, 479 U.S. 867 (1986). Pursuant to statute, however, a district court is authorized to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require and such person is financially unable to obtain representation." See 18 U.S.C. § 3006A(a)(2)(B). Here, petitioner's claims have been adequately presented in the petition and the attached state court briefs, which were prepared by counsel on petitioner's behalf. Consequently, the interests of justice do not require appointment of counsel in the instant case at this time. Accordingly, the request for appointment of counsel will be denied. Should the circumstances change materially at a later stage of the litigation, the Court will reconsider this decision sua sponte.

(Order, filed March 16, 2009, at 2:25-3:8.)

As noted, petitioner has filed a renewed motion for the appointment of counsel and, in furtherance of such, also seeks a determination that he is entitled to proceed in forma pauperis. In support of his motion, petitioner has filed his own declaration, as well as those of his wife and of Meredith Fahn ("Fahn"), the attorney who represented him at all times through his petition for review to the California Supreme Court. In particular, in her declaration, Fahn asks to be appointed to represent petitioner in this matter, based on her statements that (1) petitioner suffers from vision problems, having undergone cataract surgery on each eye in the last year with resulting complications in his right eye, and (2) upon reading the answer filed by respondent, she believes there is an important legal issue

2

not addressed by respondent that must be addressed in the traverse.  (Decl. Meredith Fahn Supp. Pet.'s Renewed Mot. Appt. Csl. ("Fahn Decl.") ¶¶ 5-6.)   Specifically, Fahn cites the recent Ninth Circuit case of Holley v. Yarborough, 568 F.3d 1091 (9th Cir. 2009), in which the petitioner, who had been convicted of child molestation and lewd and lascivious conduct on a minor, was granted habeas relief after he was denied the opportunity to cross-examine the victim with respect to her prior sexual conduct.  In the instant case, one of petitioner's claims is that the trial court erroneously denied defense counsel the opportunity to cross-examine the victim regarding her prior sexual conduct.

As set forth above, the Sixth Amendment does not require the appointment of counsel in a habeas corpus action.  Rather, the district court has the discretion to appoint counsel if "the court determines that the interests of justice so require and such person is financially unable to obtain representation."  See 18 U.S.C. § 3006A(a)(2)(B).  Here, the Court finds neither of the requisite two factors warrant the appointment of counsel.

With respect to the "interests of justice," petitioner asserts the appointment of counsel is required for two reasons.  The first reason pertains to petitioner's vision problems.  Specifically, petitioner states that (1) because of scarring in his right eye from cataract surgery he is unable to see out of that eye, and (2) without prescription glasses he is "practically blind for reading or seeing anything up close." (Decl. Mario A. Bautista Supp. Renewed Mot. Appt. Csl. ("Bautista Decl.") at ¶ 2-3.)  Petitioner also states, however, that he is scheduled for laser surgery in the near future to correct the problem in his right eye, and that he was told in mid-June 2009 that he would be receiving corrective prescription glasses, although he might have to wait for at least three months.  (Id.)  Petitioner concedes that following such surgery and the receipt of his glasses, he should be able to file a traverse if afforded an appropriate extension of time to do so.  (Id. at ¶ 9.)

The second reason put forth by petitioner is his asserted inability to prepare a traverse because of language and educational limitations.  Specifically, petitioner states:

> I was once an attorney, but practiced immigration law and have no knowledge of criminal law or habeas corpus procedure.  Moreover, English is not my native language.  In my opinion, there are meritorious grounds stated in my petition.  However, due to my lack of knowledge of the relevant areas of law,

3

exacerbated by English not being my native language, I am unable to skillfully present or argue my case. Thus, I am in need of legal counsel.

(Id. ¶ 4.)

Petitioner's reasoning is unpersuasive. Petitioner is an educated individual who had his own law practice until he was convicted in 2005. (See Docket No. 13 (In Forma Pauperis Application) at 2:4-6.) Further, although English is not petitioner's first language, he is proficient enough in its use to have attended law school, passed the California Bar Examination, and practiced law in this state for eight years. In particular, the website of the State Bar of California shows petitioner graduated from the Peninsula University Law School in Mountain View, California, was admitted to the California State Bar in 1997, received an interim suspension after he was convicted in 2005, and was disbarred in 2007. Moreover, petitioner's lack of expertise in criminal and federal habeas corpus law does not require the appointment of counsel under the circumstances pertaining here; specifically, petitioner has available to him the extensive appellate briefs that were filed by counsel on his behalf in state court, as well as the state court of appeal's opinion addressing each of petitioner's claims on the merits, and has been made aware, by Fahn, of the potential relevance of the Holley case to his action and thus can bring such case to the Court's attention in his traverse.

Moreover, the information provided by petitioner in his application to proceed in forma pauperis does not lead to the conclusion that petitioner is financially unable to obtain counsel to represent him. Specifically, although petitioner maintains that he has no personal income and his most recent Certificate of Funds in Prisoner's Account shows that he has less than $20 in his account, he also acknowledges that his wife, Carmelina Bautista, is employed in a law office and earns a gross monthly salary of $1500. Consequently, even if petitioner cannot afford to retain Fahn, the record shows that petitioner, based on his wife's income, might be able to find other counsel to represent him; petitioner, however, has made no showing with respect to any efforts on his part to do so.

Based on the above record, the Court finds petitioner has not shown that either the interests of justice require the appointment of counsel at this time, or that he is financially unable to obtain representation. Petitioner has shown, however, good cause for an extension

of time to file a traverse.

Accordingly,

1. Petitioner's renewed motions for the appointment of counsel and to proceed in forma pauperis are hereby DENIED;

2. Petitioner's request for an extension of time to file a traverse is hereby GRANTED. Petitioner shall file his traverse within **ninety (90)** days of the date this order is filed. If petitioner determines he will be unable to comply with this order due to delays in his scheduled eye surgery and/or the receipt of his prescription eyeglasses, he may move for a further extension of time.

This order terminates Docket Nos. 12, 13 and 14.

IT IS SO ORDERED.

DATED: October 6, 2009

MAXINE M. CHESNEY
United States District Judge