United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO ANTONIO BAUTISTA, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> JOHN F. SALAZAR, Warden, ) <br> MATTHEW CATE, Secretary, ) <br> California Department of Corrections ) <br> and Rehabilitation, ) <br> ) <br> Respondents. ) <br> _____ ) | No. C 08-4646 MMC (PR) <br><br> **ORDER GRANTING EXTENSION OF TIME TO FILE TRAVERSE** <br><br> (Docket Nos. 29, 33) |

   On October 7, 2008, petitioner, a California prisoner incarcerated at Chuckawalla Valley State Prison in Blythe, California, and proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On July 14, 2009, respondent filed an answer to the petition.

   To date, petitioner has been granted four extensions of time to file a traverse, based on his assertions that although he suffers from vision problems that hinder his ability to file a traverse, he is scheduled for laser surgery in the near future to correct the problem in his right eye, he will soon be receiving corrective prescription glasses, and following such surgery and the receipt of his glasses he should be able to file a traverse if afforded an appropriate extension of time to do so.

   Now pending before the Court are two further motions by petitioner for an additional

extension of time to file his traverse, on the grounds that he has received his prescription glasses but is still awaiting surgery in his right eye, his ability to read and write is still impaired, and he has been experiencing discomfort in his left eye and been referred to see a medical doctor. In his most recent motion, petitioner states: "This will be the last extension of time requested, whether or not Petitioner goes through eye surgery." (Docket No. 33 at 2.)

Based on the above, petitioner's request for an extension of time until February 1, 2011, to file a traverse is hereby GRANTED. The petition will be deemed submitted on the date the traverse is due.

Additionally, petitioner is informed that, hereinafter, the Court will not grant petitioner any further extensions of time to file his traverse based on the scheduling of petitioner's eye surgery. In particular, petitioner has been waiting for eye surgery for more than a year and still no surgery date has been set. Under such circumstances, the Court is unwilling to allow the filing of the traverse to remain contingent upon such surgery.

This order terminates Docket Nos. 29 and 33.

IT IS SO ORDERED.

DATED: December 13, 2010

_____
MAXINE M. CHESNEY
United States District Judge